# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **PATRICIA HOLLAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:14-CV-194-VEH** |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>MEMORANDUM OPINION</u>

Plaintiff Patricia Holland ("Holland") initiated this social security appeal on February 23, 2014. (Doc. 1). Magistrate Judge John England filed a report and recommendation ("R&R") on January 13, 2015, recommending that the Commissioner's decision be affirmed. (Doc. 17). No objections were filed by January 27, 2015, the deadline set in the magistrate's recommendation in accord with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2). (*See* Doc. 17 at 20-21). However, on January 28, 2015, Holland filed objections (Doc. 19) along with a motion[1] for additional time to file objections. (Doc. 18).

---

[1] Holland's motion for additional time failed to provide adequate reasons to extend the deadline, and so is due to be **DENIED** on that ground. Alternatively, because, as discussed below, her objections fail to provide any reason to alter or reject the magistrate's R&R, her motion for additional time is termed **MOOT**.

The case was randomly reassigned to the undersigned judge on January 29, 2015. The Commissioner responded to Holland's objections on February 9, 2015. (Doc. 21). Holland then filed a reply brief on February 13, 2015. (Doc. 22). The matter, therefore, is now under submission, and for the reasons explained below, the court **OVERRULES** Holland's objections, and **ACCEPTS** the R&R in its entirety. Consequently, the Commissioner's decision is due to be **AFFIRMED**.

## II.   STANDARDS

### A.   Social Security Appeals

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must

be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## B.   District Court Review of Report and Recommendation

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).[2] The district judge may also receive further evidence or recommit the matter to the

---

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2d Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[3]

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.

_____

[3] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

2003)). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in *Stephens* and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary

rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (internal quotation marks omitted) (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III.  <u>DISCUSSION</u>

   Holland asserts four objections to the magistrate's R&R:

   1.     The Denial Was Not Based on Substantial Evidence

   2.     The ALJ Substituted His Opinion for the Opinions of Dr. Go, Dr. Wilson, Dr. Prince and Dave Harvey, L.C.S.W.

   3.     The Finding that Claimant Could Perform Past Work Was Not Based on Substantial Evidence and the ALJ Utilized the Wrong Standard

   4.     Claimant Meets Listing 12.04 and 12.06

(Doc. 19 at 2). However, each of these arguments is simply copied <u>verbatim</u> from her brief in support of disability (Doc. 10), filed before the magistrate's R&R was issued.[4] The only way in which Holland addresses specific findings of the R&R is to state "Plaintiff objects to the following statements in the Recommendation..." followed by several excerpts from the R&R. (Doc. 19 at 2).

   A party objecting to an R&R may not simply restate the arguments previously

---

[4] Compare Sec. 1 of Holland's Objections (Doc. 19 at 4) with (Doc. 10 at 12, 17-18); Sec. 2 of Holland's Objections (Doc. 19 at 4-5) with (Doc. 10 at 18, 21); Sec. 3 of Holland's Objections (Doc. 19 at 5) with (Doc. 10 at 23); Sec. 4 of Holland's Objections (Doc. 19 at 5-8) with (Doc. 10 at 26, 31-32).

presented:

> A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does <u>nothing more than state a disagreement</u> with a magistrate's suggested resolution, or <u>simply summarizes what has been presented before</u>, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." [*U.S. v.*] *Walters*, 638 F.2d [947] at 949–50 [(6th Cir. 1981)]. The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Id*. at 147, 106 S.Ct. 466 (footnote omitted).

*VanDiver v. Martin*, 304 F. Supp. 2d 934, 937-938 (E.D. Mich. 2004) (emphasis added). Because Holland does not respond to any findings of the R&R in her "Objection to Report and Recommendation" — she merely quotes sections of the R&R, states that she objects to them, and then copies verbatim sections of her previous brief — none of her arguments meet the standard for objections. (*See* Doc. 19).

Furthermore, none of her four objections even contain a developed argument. The first objection — that the ALJ's denial was not based on substantial evidence —

simply quotes Holland's previous brief's (inaccurate[5]) summary of the ALJ's credibility determinations, cites two Eleventh Circuit cases dealing with vocational expert testimony, and makes the conclusory assertion that the vocational expert testimony is contrary to the evidence. (Doc. 19 at 4). Her second objection is similar. Holland cites the general legal standard for assigning weight to a treating physician's opinion, conclusorily asserts that the ALJ did not have adequate reasons for his determinations, and then repeats her previous brief's meager descriptions of the ALJ's determinations. (*Id*. at 4-5). In neither of these first two objections does Holland make any effort to apply the law to the facts of her case to explain why she believes the ALJ's findings were in error.

The third and fourth objections are even less developed. Holland's third objection simply summarizes holdings from several Eleventh Circuit cases, and does not mention any facts from her own case. (Doc. 19 at 5). Conversely, her fourth objection merely reproduces portions of her medical history. (*Id.* at 6-8). In neither of these objections does she make even a single reference to the ALJ's findings or the R&R. Therefore, not only do her objections fail to respond to the R&R, as required

---

[5] Holland says that the ALJ "discounted all of Claimant's evidence." (Doc. 19 at 4). However, the ALJ expressly accorded significant weight to the "treatment notes, clinical findings and diagnostic tests" from all but one of Holland's treating physicians, as well as opinions from two consultative examiners and the state agency mental health consultant. (Tr. 29).

by law, they also fail to develop any argument at all.

## IV. <u>CONCLUSION</u>

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**. The Court **EXPRESSLY FINDS** that there is substantial evidence for the Commissioner's decision and that the decision applied the proper legal standards. Accordingly, the Commissioner's decision is due to be **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this the 18th day of March, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge